**NORTHERN TRUST BANK, FSB, Plaintiff,**

v.

**WELLS FARGO BANK, N.A., Defendant.**

**Civil Action No. 1:11CV521.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 7, 2012.

Carl Frederick Lettow, II, James Emil Tompert, Ludwig & Robinson PLLC, Washington, DC, Susan Jill Pesner, Pesner Kawamoto Conway PLC, McLean, VA, for Plaintiff.

Douglas Paul Lobel, Robert T. Cahill, Cooley LLP, Reston, VA, for Defendant.

## ORDER

CLAUDE M. HILTON, District Judge.

This case is before the Court on the Defendant's Motion For Summary Judgment.

Wells Fargo loaned $8 million to El–Atari on May 23, 2008. On August 19, El–Atari made misrepresentations to Wells Fargo in applying for a second loan. Wells Fargo found out about the misrepresentations and informally asked El–Atari to repay his loan. On September 26, Wells Fargo exercised its right to declare default and demand that El–Atari repay his loan.

Wells Fargo also learned October 1 that the life insurance policies that El–Atari pledged as collateral for his $8 million loan had no cash value and were fraudulent. On October 14, El–Atari repaid Wells Fargo $8,042,922.66 the full amount plus interest. This money was obtained from a loan from Northern Trust Bank.

Wells Fargo was not a party to the transactions between Northern Trust and El–Atari, and never communicated with Northern Trust.

El–Atari was first introduced to Northern Trust bankers in Cleveland on July 10, and they started reviewing El–Atari's paperwork on July 11. By August 22 and then September 2, Northern Trust's Relationship Manager and CEO had internally decided to present El–Atari's $10 million loan to the Loan Committee for approval. Wells Fargo's first informal request to El–

Atari to repay his loan was not until the following day, September 3.

Northern Trust's Loan Committee approved a $10 million loan to El–Atari on September 25. Wells Fargo demanded repayment of its loan through a Notice of Default sent on September 26.

Wells Fargo inquired into El–Atari's repayment check. Wells Fargo's Credit Manager met in person with the United Bank branch manager specifically to verify that the cashier's check was validly issued; the branch manager confirmed that the check was valid.

The Court must grant summary judgment because Northern Trust lacks standing to pursue its claims under operation of bankruptcy law. The Fourth Circuit under virtually identical circumstances has found claims such as these to be part of the bankruptcy estate in *National Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441–42 (4th Cir.1999).

The facts of *Ruppert* are indistinguishable from this case. Like here, the bankruptcy trustee and individual creditors both separately sued the defendant-the trustee for fraudulent conveyance in Bankruptcy Court, the creditors in District Court for various common law claims. While the trustee's adversary proceeding and the creditors' lawsuits asserted different theories, both lawsuits concerned the same "underlying focus"—a transfer by the debtor to a third party (here Wells Fargo). *Id.* at 441.

The Fourth Circuit affirmed the District Court's decision granting summary judgment because the creditors/plaintiffs lacked standing to sue in District Court. The Appellate Court found the creditors' claims were part of the estate, and only the trustee had standing to bring the claims in whatever form they were asserted. *Id.* at 441–42.

The facts and holding of *Ruppert* are directly applicable here. Northern Trust is a creditor in El–Atari's bankruptcy proceeding. Both the Trustee in that proceeding, and Northern Trust separately, challenge El–Atari's $8 million transfer to Wells Fargo—both cases have exactly the same "underlying focus." Under *Ruppert,* Northern Trust lacks standing to assert claims based on El–Atari's transfer of $8 million to Wells Fargo, regardless of how the claims are couched. The Trustee's ongoing prosecution of its fraudulent conveyance action "on behalf of all the creditors" deprives Northern Trust of standing to pursue its individual claims.

The Trustee on October 31 it filed a complaint against Northern Trust alleging that this lawsuit against Wells Fargo violates the automatic bankruptcy stay. It alleged that Northern Trust was improperly exercising control over property of the estate; undermining the Bankruptcy Court's jurisdiction over the estate; and circumventing the Bankruptcy Code's fundamental principal of equitable and *pro rata* distribution to similarly situated creditors.

Thus Northern Trust lacks standing. These are claims of the bankruptcy estate and only the Trustee can pursue these claims.

For these reasons, it is hereby

ORDERED that the Defendant's Motion For Summary Judgment is GRANTED, and this case is DISMISSED.